GRAYSON *et al.* v. WILLOUGHBY *et al.*

1. **Parties:** SUPERFLUOUS PLAINTIFFS: REMEDY. The fact that persons not interested are improperly joined as plaintiffs is no ground for demurrer, but rather for motion to strike out the names of the superfluous parties.

2. **Life Insurance:** MUTUAL ASSESSMENT COMPANY: FRAUDULENT DISSOLUTION: LIABILITY OF DIRECTORS: DAMAGES: ESTOPPEL. Plaintiff held a certificate of membership in a mutual assessment benefit association of which defendants were the directors. She had paid on her certificate, by assessments and otherwise, the sum of one hundred dollars. Had she died in good standing in the company, her heirs would have been entitled to such sum as would have arisen from an assessment of the members then belonging; or, had she lived to a certain age, she would have been entitled to a certain sum, or so much as would have arisen from an assessment at a certain rate. The defendants are alleged fraudulently, and for a large sum of money paid them, to have dissolved the company by consolidating it with another like company, which refused to receive her upon application, thereby depriving her of the benefit of her membership, and rendering her certificate worthless. *Held*—

   (1) That, if these averments were true, she was entitled to recover of the defendants the amount she had paid on her certificate, but no more, since it would be impossible to estimate the present value of such a certificate in such a company. (Code, secs. 1071, 1072.)

   (2) That her application to the company with which the dissolved company was consolidated was not an approval by her of the consolidation so as to estop her from maintaining this action.

*Appeal from Greene District Court.*—HON. J. H. MACOMBER, Judge.

FILED, JUNE 3, 1889.

In 1884 the plaintiff L. R. Grayson joined an assessment or benefit association or life insurance company, having its principal place of business at Scranton in this state. The defendants constituted the board of directors of said company. This action was brought to recover damages of the defendants for fraudulently dissolving said company, by consolidating it with another corporation, known as the "Iowa Mutual Benefit Association," at Toledo. There was a demurrer to the petition, which was sustained, and plaintiffs appeal.

*Baker & Haskins* and *Church & Lovejoy*, for appellants.

*Russell & Toliver* and *Howard & Rose*, for appellees.

Rothrock, J.—The original petition was in two counts. A motion to strike out parts of the petition was sustained. The plaintiffs then filed an amendment and substitute for the second count of the petition. A motion to strike parts of this last-named pleading, and for a more specific statement, and to require the plaintiffs to divide the same because it contained two or more causes of action, was sustained. An amendment to the substituted count was filed. The defendants moved to strike this last-named amendment, because it did not divide the amended count 2, and to strike the original count 2 of the petition. The court sustained the motion. The defendants then demurred to the petition. The demurrer was sustained. The plaintiffs elected to stand on the petition, and appealed.

If we were to set out the pleadings, motions and demurrer as they are presented in the abstract, the general reader would be unable, without the most careful consideration, to determine just what the parties claimed as their rights, and what, if anything, the various rulings of the court determined. We will endeavor to give the substance of the plaintiffs' claim. It appears that the defendants were the directors of a corporation

known as the "Cosmopolitan Mutual Benefit Association," which was a life insurance company on the assessment plan. The plaintiff, Mrs. L. R. Grayson, became a member of the company by applying for a certificate on the eighteenth day of February, 1884. By the terms of this certificate the life of Mrs. Grayson was insured for the sum of three thousand dollars, payable at her death to her heirs, or, if the assured should be living on the eighteenth day of February, 1895, and a member in good standing, the said sum of three thousand dollars should be paid to her. As we understand the certificate and the articles of incorporation, the payment of the amount named depended upon an assessment to be made for that purpose on the certificate-holders, and the assessment could not exceed a specified amount on each member. In the year 1886 the defendants virtually dissolved the corporation by consolidating it with the Iowa Mutual Benefit Association. By this act the Cosmopolitan corporation ceased to do business, and attempted to turn over all of its insurance to the Iowa Mutual Benefit Company. The plaintiff, Mrs. Grayson, applied to the last-named corporation to transfer her membership to it, which was refused, on the ground that after her insurance was effected she had contracted heart disease, and was not a proper subject for insurance. Up to the time of the consolidation, Mrs. Grayson had paid all charges and dues, amounting to one hundred dollars, and was a member in good standing in the company of which the defendants were directors.

It is charged in the petition, and in the various amendments thereto, that the act of the defendants in 1. PARTIES: su- dissolving the corporation was a fraud upon perfluous plaintiffs: the rights of the plaintiffs. It may be well remedy. to state here that it does not appear from the petition who are the plaintiffs other than Mrs. Grayson. The first ground of demurrer is that there is a defect of parties plaintiff, because other persons are joined with L. R. Grayson as plaintiffs. This was no ground of demurrer. It might have been ground for a motion to

Grayson v. Willoughby.

strike out the names of the superfluous or unnecessary parties. We suppose these parties were those whom it was thought might be the heirs of Mrs. Grayson. If so, they were wholly unnecessary, for there can be no recovery by them, for the plain reason that there is no averment anywhere in all this record that the Cosmopolitan Company had any member other than Mrs. Grayson subject to assessment when the consolidation was effected. A claim to recover damages on a presumption of membership, and a presumption that an assessment insurance company will have assessable members in the future, is rather too remote, speculative and contingent to be the foundation of a claim for present damages; and, besides, Mrs. Grayson has no heirs as yet. No one is heir to the living.

We will, therefore, consider the case as a claim for damages of some kind, made in behalf of Mrs. Grayson.

2. LIFE insurance: mutual assessment company: fraudulent dissolution. liability of directors: damages: estoppel. It is claimed by counsel for appellants that the action is founded on section 1071 of the Code. That section, and section 1072, are in these words: "Intentional fraud in failing to comply substantially with the articles of incorporation, or in deceiving the public or individuals in relation to their means or their liabilities, shall subject those guilty thereof to fine and imprisonment, or both, at the discretion of the court. Any person who has sustained injury from such fraud may also recover damage therefor against those guilty of participating in such fraud. The diversion of the funds of the corporation to other objects than those mentioned in their articles, and in the notices published as aforesaid, if any person be thereby injured, and the payment of dividends which leave insufficient funds to meet the liabilities of the corporation, shall be deemed such frauds as will subject those therein concerned to the penalties of the preceding section, and such dividends, or their equivalent, in the hands of individual stockholders, shall be subject to said liabilities."

Does the plaintiff show, by the averments of her petition, that the defendants are liable in damages to

her under these provisions of the statute? It appears that the defunct company created and maintained two funds. One was called the "beneficiary fund," which consisted of all moneys collected on assessments, and to be used only for the payment of beneficiary claims of members of the association. The other fund was the "general fund," and it consisted of all other moneys. We suppose this general fund was the proceeds of the admission fees and annual dues. It was provided that the general fund should be paid out as ordered by the board of directors or by the executive committee. It is charged in the petition that "defendants herein, as officers and directors of the said association, abstracted and received therefrom large sums of money, the exact amounts of which these plaintiffs are unable to state, and that the said transfer of the said Cosmopolitan Mutual Benefit Association to, and consolidation with, the said Mutual Benefit Association was fraudulent, and without any authority of law; and that by reason thereof, and as a consideration therefor, these defendants received further large sums of money, the exact amounts of which the plaintiffs are unable to state,—all of which was and is in gross fraud and violation of the rights of these plaintiffs." At the first reading of the abstract in this case some of us were of the opinion that the plaintiff was not entitled to recover more than nominal damages. But if it be true that the plaintiff has paid one hundred dollars, and has lost her insurance by the acts of the defendants, and the defendants received large sums of money by reason of the consolidation, their act was a gross fraud, and the plaintiff ought at least to recover of them the amount she has paid, and which now appears to be wholly lost to her. We think this must be the extent of her recovery. Any further or other damages would involve an estimate of what the value of a policy in an assessment life insurance company will be several years in the future, or, rather, what is the present value of a policy payable in the future. It is apparent that no estimate of its value can be made. It may be worth something or nothing, depending

entirely upon whether there shall be any assessable members when the policy shall mature. It is set forth as ground of demurrer that the plaintiff is not entitled to recover damages because she ratified the action of the defendants by applying to the Mutual Benefit Associations for membership in that corporation. Her application was no ratification, such as to estop her from now asserting any claim she may have against the defendants for fraud. We think the demurrer should have been overruled.          REVERSED.